# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHRISTOPHER BAEZA,<br><br>                       Plaintiff,<br><br>   v.<br><br>OFFICER GRUNDOWICZ, CHIEF OF POLICE KENDRICK SADLER, SERGEANT JUSTIN PECCHIA, COUNCILMAN PETER WEISS, CITY ATTORNEY NELSON CANDELARIO, RISK MANAGEMENT MANAGER DENISE GALLEGOS, and CITY OF OCEANSIDE<br><br>                       Defendants. | Case No.: 24-cv-999-DMS-VET<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

     Pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint (Complaint, ECF No. 1) under Rule 12(b)(6). (Defendants' Motion, ECF No. 15). Plaintiff Baeza, proceeding pro se, filed a response in opposition (Plaintiff's Opposition, ECF No. 16) and Defendants filed a reply. (ECF No. 18). The Court found this matter to be suitable for resolution without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 19). For the following reasons, Defendants' Motion is granted.

## I.  BACKGROUND

This case arises out of Plaintiff's encounter with Defendant Officer Grundowicz, a police officer for the City of Oceanside, during a traffic stop. (Complaint, at 4, 6). On June 8th, 2022, Defendant Grundowicz issued a traffic citation to Plaintiff. (*Id.* at 4). On that citation, Defendant Grundowicz misclassified Plaintiff's race as "B" before confirming with Plaintiff his race. (*Id.* at 6). In actuality, Plaintiff "ha[s] a Spanish surname" and self-identifies as a "White" person. (*Id.*).

Plaintiff later raised "claims of racial profiling" with Sergeant Justin Pecchia of the City of Oceanside, City Councilman Peter Weiss, City Attorney Nelson Candelario, and Risk Management Manager Denise Gallegos. (*Id.* at 4, 6). All of Plaintiff's claims were ultimately dismissed or ignored by these Oceanside city officials or employees. (*Id.*).

On June 7, 2024, Plaintiff filed this action against Defendants Grundowicz, Chief of Police Kendrick Sadler, Sergeant Justin Pecchia, Councilman Peter Weiss, City Attorney Nelson Candelario, Risk Management Manager Denise Gallegos, and City of Oceanside. (*Id.* at 1–3). Plaintiff alleges violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights as well as a violation of his rights under the Privacy Act of 1974. (*Id.* at 3–4).

## II.  LEGAL STANDARD

Under Federal Rules of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). However, "courts must construe pro se pleadings liberally." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment," *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007), or "if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

## III.   DISCUSSION

### A. Evidentiary Ruling – Incorporation by Reference

Defendants request that this Court incorporate by reference Defendant Grundowicz' body camera footage and the written transcript of the footage between Plaintiff and Defendant Grundowicz. (Defendants' Motion, at 12–16). "A defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja v. Orexigen*

*Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). "For 'extensively' to mean anything . . . it should, ordinarily at least, mean more than once. . . . [A] reference may be sufficiently 'extensive' if a single reference is relatively lengthy." *Id.* at 1003. Put differently, "incorporation-by-reference requires more than that the document or video provides 'a full understanding' of the incident." *Lee v. City of San Diego*, No. 18-cv-159-W, 2019 WL 117775, at *4 (S.D. Cal. Jan. 7, 2019).

Plaintiff does not refer extensively to the body camera footage in his Complaint. Plaintiff only refers to the body camera footage once in his complaint. (Complaint, at 4). This reference is short and is only used to allege a conclusory statement that Defendant Grundowicz "admitted on BWC to racially profiling [Plaintiff]." (*Id.*). Because Plaintiff's single reference to the body camera footage is brief, the Court does not find that Plaintiff referred extensively to the body camera footage or written transcript of the footage.

Nor does the footage serve as the basis of Plaintiff's claims in his Complaint. Plaintiff's claims turn on the initial alleged profiling of Plaintiff's race on the citation prior to Defendant Grundowicz' discussion with Plaintiff as to his race, as well as certain Defendants' alleged failure to act on his subsequent complaints to the City of Oceanside. Plaintiff's claims do not "necessarily depend[]" on showing that Defendant Grundowicz acted improperly during the entirety of the traffic stop. *See Khoja*, 899 F.3d at 1002. The body camera footage and transcript would thus, at best, only provide "'a full[er] understanding' of the incident." *Lee*, 2019 WL 117775, at *4. Accordingly, the Court declines to incorporate by reference the body camera footage and written transcript of the footage.

**B. 42 U.S.C. § 1983 – Official Capacity**

"Claims under § 1983 are limited by the Eleventh Amendment. In *Will v. Michigan Dep't of State Police*, the Supreme Court held that 'States or government entities that are considered 'arms of the State' for Eleventh Amendment purposes' are not 'persons' under § 1983. Moreover, *Will* clarified that a suit against a state official in his official capacity

is no different from a suit against the State itself. Therefore, state officials sued in their official capacities are not 'persons' within the meaning of § 1983." *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989)) (citations omitted). There are three exceptions to this general rule: "First a state may waive its Eleventh Amendment defense. Second, Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority. Third, under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a "suit against a state official when that suit seeks . . . prospective injunctive relief." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001), *amended*, 285 F.3d 1226 (9th Cir. 2001).

Plaintiff's Complaint indicates that he is suing Defendants Grundowicz, Chief Sadler, Sergeant Pecchia, and Councilman Wiess in their official capacities. (Complaint, at 2–3). Plaintiff also requests both injunctive relief and damages. (*Id.* at 7). Thus, the Eleventh Amendment bars Plaintiff's § 1983 claims as to these Defendants unless any of the three aforementioned exceptions to state sovereign immunity apply to Plaintiff's claims. The first exception is inapplicable because "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999). Nor does the second exception apply since "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Id.* at 1026 (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985)).

The third exception also does not apply. Plaintiff's claims for damages are barred and Plaintiff's claim for injunctive relief, as currently alleged, is not prospective. "To bring a claim for prospective injunctive relief, '[t]he plaintiff must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way.'" *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 680–81 (9th Cir. 2023) (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)

(en banc)). "[P]lantiff[] 'may demonstrate that an injury is likely to recur by showing that the defendant[s] had . . . a written policy, and that the injury 'stems from' that policy. Where the harm alleged is directly traceable to a written policy[,] there is an implicit likelihood of its repetition in the immediate future.'" *Id.* at 681 (quoting *Truth v. Kent Sch. Dist.*, 542 F.3d 634, 642 (9th Cir. 2008)). Plaintiff's Complaint alleges that his injury stemmed from a written policy that was not explicitly followed by Defendant Grundowicz. (Complaint, at 4, 6) ("'Volume III section 200' . . . states that the officer only needs to write down my Legal Name and Vehicle License Number, it mentions nothing about how to fill out the race field on citations."). Plaintiff therefore does not sufficiently allege a likelihood of repeated harm and does not bring a claim for prospective injunctive relief. Thus, the third exception to the Defendant's Eleventh Amendment immunity does not apply to Plaintiff's claims.

Accordingly, the Court **DISMISSES** Plaintiff's § 1983 official capacity claims against Defendants Grundowicz, Chief Sadler, Sergeant Pecchia, and Councilman Wiess with leave to amend.

### C. 42 U.S.C. § 1983 – Individual Capacity

Plaintiff's Complaint is silent as to whether he is suing Defendants Candelario and Gallegos in their individual or official capacity. (Complaint, at 2–3). The Court liberally construes Plaintiff's Complaint to raise § 1983 claims against these Defendants in their individual capacity.[1]

To state a claim for relief under § 1983, Plaintiff must sufficiently allege "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

---

[1] To the extent Plaintiff intended to sue these Defendants in their official capacity under § 1983, the Court's analysis on Plaintiff's official capacity claims equally applies to Defendants Candelario and Gallegos.

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).

Plaintiff alleges that Defendants violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. (Complaint, at 4). Plaintiff lists each Defendant's behavior that allegedly violated all his rights, (*Id.* at 4, 6), but does not plead how each Defendant violated his rights under any of the foregoing theories. "While Rule 8 does not demand detailed factual allegations, 'it demands more than an unadorned, the defendant-unlawfully-harmed-me-accusation.'" *Philips v. Salt River Police Dep't*, No. CV-13-798-PHX-LOA, 2013 WL 1797340, at *7 (D. Ariz. Apr. 29, 2013) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's Complaint is insufficient because it does not allege how the Defendants' conduct violated his rights—he merely lists the aforementioned amendments and concludes that those rights were violated. (*Id.* at 3–4). Therefore, it is unclear how each Defendant is liable under each cause of action.[2] Accordingly, the Court **DISMISSES** Plaintiff's § 1983 individual capacity claims against Defendants Candelario and Gallegos with leave to amend to state plainly what each Defendant did under each claim.[3]

---

[2] Plaintiff appears to have used his response in opposition to supplement the facts alleged in his complaint. *See* Plaintiff's Opposition, at 3–14, 32–38; ECF No. 17. The Court cannot consider these new alleged facts to resolve Defendant's Motion to Dismiss under Rule 12(b)(6). *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." (quoting *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)) (emphasis in original). However, "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Id.*

[3] Because the Court dismisses Plaintiff's § 1983 individual capacity claims on this ground, the Court declines to address Defendants' immunity arguments at this time.

### D. Privacy Act of 1974 – 5 U.S.C. § 552a

Plaintiff also alleges that Defendants violated his rights under 5 U.S.C. § 552a. (Complaint, at 4). However, the Ninth Circuit "has held that the private right of civil action created by the Privacy Act, *see* 5 U.S.C. § 552a(g)(1) (providing that a private individual 'may bring a civil action against the agency'), 'is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the [Privacy Act] do not apply against private individuals, *state agencies*, private entities, or state and local officials.'" *Dittman*, 191 F.3d at 1026 (quoting *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985)) (emphasis in original). Plaintiff has no private right of action under the Privacy Act against the Defendants because none of them are agencies of the United States Government. Accordingly, the Court **DISMISSES** Plaintiff's 5 U.S.C. § 552a claims against all Defendants. The Court also finds that any amendment would be futile to cure this deficiency and does not grant Plaintiff leave to amend this claim.

### E. 42 U.S.C. § 1983 – *Monell*

Plaintiff alleges *Monell* claims against Defendants Chief Sadler and City of Oceanside on the theory that Defendant Sadler failed to adequately supervise and train Defendant Grundowicz. (Complaint, at 4). A municipality cannot be vicariously liable under § 1983 for the acts of its employees, but a municipality can be liable for deprivations of constitutional rights deriving from the execution of a municipality's policies or customs. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). To state a *Monell* claim under § 1983, a plaintiff must sufficiently allege "(1) he was deprived of a constitutional right; (2) the [local government] had a policy; (3) the policy amounted to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). The plaintiff must show a "direct causal link" between the policy and the constitutional deprivation. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc).

As previously discussed, Plaintiff has failed to adequately allege that he was deprived a constitutional right. Thus, Plaintiff's *Monell* claims fail for the same reasons as his § 1983 individual capacity claims. *See Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) ("While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights."). Accordingly, the Court **DISMISSES** Plaintiff's *Monell* claims with leave to amend.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss with leave to amend, except as to Plaintiff's 5 U.S.C. § 552a claim, which is dismissed without leave to amend. Plaintiff may file an amended complaint consistent with this Order within 14 days of the filing of this Order.

**IT IS SO ORDERED**.

Dated: October 29, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court